UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>THOMASVILLE RETAIL, INC.,<br><br>Defendant. | Case No. 12-cv-00847-JST<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 33 |

Defendant Thomasville Retail, Inc.'s ("Thomasville") Motion for Sanctions for Plaintiff's Cancellation of Scheduled Mediation is now before the Court. The Court previously determined that the motion could be decided without a hearing, and will now deny it.

## I. BACKGROUND

On June 12, 2012, the Court entered an order requiring the parties to complete mediation by December 15, 2012. On December 11, 2012, the Court entered another order extending the deadline to March 7, 2013.

The parties failed either to meet this deadline or to seek a court order extending it. Instead, on February 26, 2013, the parties filed a Joint Case Management Statement, noting in the section entitled "Deadline Modification Requests" that the parties' mediation was set for June 13, 2013 before Jeffrey Ross in Oakland, California. As of the writing of this order, the Court had not held a case management conference or otherwise acted on the request to extend the mediation deadline.

On May 10, 2013, Plaintiff unilaterally canceled the scheduled mediation, contending that he could not proceed because he had not taken the deposition of Thomasville employee Brett Dini prior to the mediation.

1  Defendant then brought this motion, seeking sanctions pursuant to Federal Rule of Civil
2  Procedure 16 for Plaintiff's alleged violation of a court order.  Defendant contends that, because
3  Plaintiff cancelled the mediation on short notice, Defendant will incur costs of at least $222 to
4  reschedule the airplane ticket of the in-house counsel who will attend the mediation.

## II.   DISCUSSION

The parties' papers contain a great deal of back and forth about who bears responsibility for the cancellation of the mediation.  The court does not need to resolve this issue, however, because there is no potential basis for a sanctions motion.

Rule 16 provides, in pertinent part, as follows:  "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .  fails to obey a scheduling or other pretrial *order*."  Fed. R. Civ. P. 16 (f)(1)(C) (emphasis added).   Sanctions authorized by Rule 16 include the payment of the opposing party's reasonable attorneys' fees.

Defendant's motion fails because it cannot be said that Plaintiff violated a court order.  The court's December 11, 2012 order set a mediation deadline of March 7, 2013.  That deadline was unaffected by the February 11, 2013 Reassignment Order, which provided, "All discovery cutoff dates and other deadlines associated with this case, such as disclosure and expert deadlines, shall remain in effect."

Defendant blithely, and without citation, takes the position that the "the June 13, 2013 date contained in the [February 26, 2013] updated case management conference statement is effective as a scheduling order of the Court by which the parties are required to complete mediation." Defendant goes even further to state, "Although the reassignment order specified that all ADRA dates and processes should remain intact, because the March 21st case management conference was vacated, the parties were relieved of their obligation to either complete the mediation or report to the Court that they had not met the deadline for completing the mediation."  Mtn., ECF No. 33, at 4 n.2.

Defendant cites no authority for these statements, and they are legally incorrect.  The parties' case management statement is not an order; it contains a request.  Accordingly, there is no

2

basis for the Court to find that Plaintiff violated a court order, and the motion must be denied.[1]

## IV.   CONCLUSION

Motion for Sanctions for Plaintiff's Cancellation of Scheduled Mediation is denied.

**IT IS SO ORDERED**.

Dated:  June 25, 2013

_____
JON S. TIGAR
United States District Judge

---

[1] Even if Defendants could credibly claim that a court order had been violated, the Court might wonder whether a 12–page motion in federal court was the best way to handle a $222 problem.

3